UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARC NUNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| CREDITORS FINANCIAL GROUP, LLC, ) | |
| and JOHN DOE ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### INTRODUCTION

The plaintiff, Marc Nunes, brings this action under the Fair Debt Collection Practices Act ("FDCPA") against the debt collectors Creditors Financial Group, LLC and its employee collector. The defendants invaded the plaintiff's privacy and used false threats and statements in an attempt to collect a debt. The plaintiff brings this action for actual damages, statutory damages, and other relief against the defendants.

### PARTIES

1. Plaintiff Marc Nunes is an individual consumer residing in New Bedford, Massachusetts.

2. Defendant Creditors Financial Group, LLC ("CFG") is a foreign limited liability company organized under the laws of the State of New York with a Massachusetts office at 5230 Washington Street, West Roxbury, MA, 02132. CFG's registered agent in the Commonwealth of Massachusetts is All-State Associates, Inc., 5230 Washington Street, West Roxbury, MA, 02132.

3. CFG is engaged in trade or commerce and is engaged in business which has as its principal purpose the collection of debts. CFG regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts. CFG is a debt collector as defined by 15 U.S.C. § 1692a(6).

4. On information and belief, Defendant John Doe is an individual collector employed by CFG. On information and belief, Mr. Doe regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts, and is a debt collector as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue in this district is proper as the plaintiff resides in this district and the events giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

7. At all times relevant hereto, the defendant was attempting to collect an alleged debt from the plaintiff (hereinafter "debt").

8. The debt was incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

9. The collector was, at all relevant times, acting within the scope of his employment and with actual or apparent authority from the defendant.

10. In January, 2007, the defendant's employee collector, defendant John Doe, (hereinafter "collector") called the plaintiff's brother.

11. The collector told the plaintiff's brother and told him that he was calling to help the plaintiff with a debt and could reduce the amount that he owed.

12. In January, 2007, the collector called the plaintiff's elderly mother.

13. The plaintiff does not live with his mother.

14. The collector told the plaintiff's mother that he needed to talk to the plaintiff about a debt.

15. The plaintiff's mother asked the collector who he was.

16. The collector told the plaintiff's mother that his name was Jerry and that he was calling in reference to Bank of America.

17. The collector informed the plaintiff's mother that he had information that the plaintiff had paid off other debts.

18. The plaintiff's mother told the collector that the plaintiff had sold his house recently and that the proceeds went to pay off debts.

19. The collector told the plaintiff's mother that the plaintiff needed to get a lawyer because he had an order for him in "Bristol Court."

20. The plaintiff's mother told the collector that he was upsetting her and not to call her any more.

21. The collector asked the plaintiff's mother if she knew anyone named "Olivieros."

22. The collector called the plaintiff's mother throughout January, February and March of 2007 despite her repeated demands that he stop.

23. In March, 2007, the collector called the plaintiff's mother again and demanded that she pay all of some of the plaintiff's debt.

24. The collector told the plaintiff's mother that he had contacted the plaintiff's ex-wife.

25. During the time period set forth in this complaint, the collector called the plaintiff's landlord repeatedly and revealed or implied the existence of the plaintiff's debt.

26. As a result of the defendants' conduct, the plaintiff has suffered emotional distress and other damages.

## CLAIM FOR RELIEF
### Count I
### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates and realleges the foregoing paragraphs.

28. The defendants made false, deceptive, and misleading statements in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(10).

29. The defendants threatened to take action that could not legally be taken or that it did not intend to be take in violation of 15 U.S.C. § 1692e(5).

30. The defendants communicated, in connection with the collection of a debt, with persons other than the plaintiff, her attorney, a consumer reporting agency if otherwise

permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. § 1692c(b).

31.     The natural consequence of the defendants' conduct was to harass, oppress, or abuse the plaintiff in violation of 15 U.S.C. § 1692d.

32.     The defendants caused the plaintiff's telephone to ring or engaged the plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the plaintiff in violation of 15 U.S.C. § 1692d(5).

33.     The defendants actions caused the plaintiff actual damages.

34.     Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award her statutory damages of $1,000, actual damages, declaratory relief the defendants' conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.

   WHEREFORE, the plaintiff, Marc Nunes, respectfully requests that this Court:

   A. Enter judgment for the plaintiff against the defendants for actual damages pursuant to 15 U.S.C. § 1692k.

   B. Enter judgment for the plaintiff against the defendants for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

   C. Enter judgment Declaring the defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

   D. Award the plaintiff reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

   E. Grant such other relief that the Court deems just.

## JURY DEMAND

The plaintiff demands a trial by jury on each count so triable.

Respectfully submitted, this 22th day of March, 2007.

MARC NUNES,
by his attorney,

_____
Nicholas F. Ortiz, BBO# 655135
306 Dartmouth Street
Suite 501
Boston, MA 02116
(617) 716-0282